# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES D. RUSSIAN,

    *Petitioner,*

vs.

NICOLE C. ENGLISH, *Warden, USP-Leavenworth*,

    *Respondent.*

Case No. 19-03007-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on James D. Russian's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241(c) (Doc. 1). Russian contends that he is being unlawfully subjected to multiple sentences as a result of his conviction in 2015. Additionally, Russian has filed a Petition for Writ of Mandamus regarding this petition with the Tenth Circuit Court of Appeals. This Order addresses both outstanding petitions and denies Russian's § 2241 petition.

### I. Factual and Procedural Background

On June 17, 2015, a jury convicted Russian of: (1) one count of being a felon knowingly in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) one count of being a felon knowingly in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); (3) knowingly possessing a firearm in furtherance of a drug trafficking crime, namely possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) knowingly

and intentionally possessing, with the intent to distribute, marijuana, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). The Court originally sentenced Russian to a total term of 137 months' imprisonment on Counts 1-4, followed by two years of supervised release.

Russian has filed three appeals to the Tenth Circuit.[1] As a result of the first appeal, the Court resentenced Russian to 101 months' imprisonment followed by two years of supervised release. As a result of the second appeal, the Court modified Russian's sentence by removing the condition of substance abuse treatment.[2] Russian's third appeal is still pending before the Tenth Circuit.

Russian has not limited his post-conviction filings to direct appeals. He has also filed several petitions for post-conviction relief. In October 2015, he filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, which the Court denied without prejudice because Russian's first direct appeal was pending at the time. Two years later, Russian filed a habeas petition under 28 U.S.C. § 2241(c). The basis for that petition was "bad faith breach of contract, unlawful restraint of liberty, colour [sic] of authority based on the illegal 'good faith' exception." The Court denied this petition without prejudice because it attacked an underlying federal conviction or sentence and thus should have been brought under 28 U.S.C. § 2255.

Russian filed the current § 2241 petition in January 2019 on the basis that he is "being twice subjected to punishments for the same alleged offense and twice sentenced resting on the same." He asks the Court to "vacate the underlying convictions, as well as the multiplicitous [sic] sentences based upon them, thereby restoring Petitioner's natural liberties."

---

[1] Case Nos. 15-3213, 17-3157, 18-3173.

[2] Russian filed a petition for writ of certiorari to the United States Supreme Court on the Tenth Circuit's decision in his second appeal (case no. 18-6504). The Supreme Court denied the petition.

On July 18, 2019, Russian filed a Petition for Writ of Mandamus with the Tenth Circuit. This petition alleges that the Court has not taken any action on his § 2241 petition since it was filed in January 2019 and sets forth the grounds for his pending § 2241 petition. His requested relief is not entirely clear,³ but Russian presumably is asking the Tenth Circuit to require the Court to take judicial notice of the facts set forth in his § 2241 petition and provide the same relief requested in his § 2241 petition. On August 29, the Tenth Circuit issued an order stating that the Court had not taken any action on Russian's § 2241 petition since it was filed in January and inviting the Court to respond to the mandamus petition within 30 days.

## II. Analysis

### A. Russian's Petition for Habeas Relief

Russian's habeas petition is identified as one brought under 28 U.S.C. § 2241 when it should be brought under 28 U.S.C. § 2255. "Generally, § 2255 provides the exclusive remedy for a federal prisoner attacking the legality of his detention."⁴ The statute provides as follows:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.⁵

Accordingly, once a federal inmate has completed his direct criminal appeals, he may utilize § 2255 for any collateral challenge.⁶

---

³ One of Russian's requests under a section entitled "Mandamus" asks the Tenth Circuit to "take judicial notice on a case being cited from Black's Law 6th at 961." The Court is unsure to which case Russian is referring.

⁴ *Boose v. Maye*, 2016 WL 492745, at *2 (D. Kan. 2016) (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)).

⁵ 28 U.S.C. § 2255(a).

⁶ *Boose*, 2016 WL 492745, at *2.

A habeas petition under § 2241 is not an "additional, alternative, or supplemental remedy to [] § 2255."[7] It serves a "different and distinct purpose[]" from a petition filed under § 2255.[8] A § 2241 petition attacks the execution of a sentence by challenging "matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."[9] A district court "lacks jurisdiction to consider a § 2241 petition that attacks an underlying federal conviction or sentence."[10]

Although "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,"[11] Russian's petition attacks the legality of his sentence and not its execution. Indeed, Russian's basis for bringing his motion is an alleged violation of the Double Jeopardy Clause of the Fifth Amendment. He contends that he was convicted of the same alleged offense twice and accordingly sentenced to multiple unlawful sentences. These are the types of grounds asserted in a § 2255 motion, not a § 2241 motion. Accordingly, the Court lacks jurisdiction to decide his petition under § 2241.

The Court has the option to recharacterize Russian's motion as one filed under § 2255, but it declines to do so.[12] Russian has filed a direct appeal of the Second Amended Judgment that is pending before the Tenth Circuit (Case No. 18-3173). "Absent extraordinary

---

[7] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citing *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

[8] *Boose*, 2016 WL 492745, at *3 (internal quotation marks and citation omitted).

[9] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

[10] *Laliberte v. U.S. Prob., Dist. of Kan.*, 2016 WL 7655797, at *1 (D. Kan. 2016) (citing *McInstosh*, 115 F.3d at 811-12).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[12] *Castro v. United States*, 540 U.S. 375, 383 (2003).

circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending."[13] Russian raises no "extraordinary" factor that is applicable to considering a § 2255 petition while his present appeal is pending. Therefore, there is no need to re-characterize Russian's § 2241 motion as one brought under § 2255 because the Court would be required to dismiss it as soon as it was recharacterized. Should Russian file a petition for habeas relief under § 2255 in the future, he should do so only after his appeal is final.[14]

**B.     Russian's Petition for Writ of Mandamus**

The Tenth Circuit has invited the Court to respond to Russian's mandamus petition. This petition asks the Court to take judicial notice of the facts set forth in his § 2241 petition and to grant the relief requested in the § 2241 petition. Because the Court has denied Russian's § 2241 petition on the basis that it should be brought under § 2255, no further action is necessary.

**IT IS THEREFORE ORDERED** that Russian's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241(c) (Doc. 1) is **DENIED WITHOUT PREJUDICE**. This case is closed.

**IT IS SO ORDERED**.

Dated this 5th day of September, 2019.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993).

[14] Russian also should be aware that there is a one-year statute of limitations after the judgment becomes final to bring claims under § 2255 or his claims are barred.